FRANK, Judge.
The appellant, Canama Realty, sued Robert Butler, Real Equity CP General, Inc., and other parties dismissed from this lawsuit at an earlier time, to recover a broker’s commission allegedly due under an oral contract. The trial court, after a hearing at which certain facts were stipulated to as not in dispute, entered a final judgment in favor of Butler and Real Equity on the theory that Canama Realty, admittedly not a licensed securities dealer, could not prevail because the transaction between Butler and Real Equity involved the sale of an interest in a limited partnership. We reverse.
Butler owned an option to purchase a shopping center in St. Petersburg. According to the allegations in the third amended complaint, Butler orally agreed to pay Ca-nama a commission or finder’s fee if Cana-ma found a suitable joint venture partner with sufficient funds to enable Butler to exercise his option to acquire and develop Central Plaza Shopping Center. Canama contends that in furtherance of the agreement with Butler, it introduced Hans Kem-pers, a representative of AAD Slokker, to Butler, and thereafter Butler and Slokker formed a limited partnership that purchased Central Plaza. Upon the closing of that transaction, Canama was not paid the commission to which it claims entitlement.
The parties argued extensively at the hearing about the limited partnership involved in this dispute which consisted of limited and general partnerships controlled by Butler and other limited and general partnerships controlled by Slokker and his interests. Butler urged its defensive theory that the transaction involved the purchase and sale of a nonexempt security and that Canama could not seek compensation for the sale unless it or its principal, Terry Dorman, was a registered securities dealer under section 517.011, et seq., Florida Statutes (1983). The court concluded that, under S.E.C. v. W.J. Howey Co., 328 U.S. 293, *1030 66 S.Ct. 1100, 90 L.Ed. 1244 (1946), and subsequent cases, the limited partnership created by Butler and Real Equity was a security for the purposes of the Florida Securities and Investor Protection Act, Chapter 517, Florida Statutes (1983), and hence Canama was foreclosed from earning a commission.
Our examination of the sparse record and the stipulations convinces us that the trial court prematurely terminated Cana-ma’s opportunity to prove its claim. We perceive the presence of significant but unresolved factual issues. In any event, at the time Canama allegedly performed the oral undertaking — the introduction of Kem-pers to Butler — no partnership or other kind of security was in existence, a fact stipulated to by the parties at the hearing. Accordingly, Canama could not possibly have been involved in selling securities at the crucial moment when it fulfilled its undertaking. It was only at some later time that Butler and Slokker fashioned the business entity that eventually acquired Central Plaza. Whether that partnership should or should not be denominated a security — a question of some considerable doubt based on the record — is irrelevant at this juncture.
Reversed and remanded for further proceedings.
DANAHY, A.C.J., and PATTERSON, J., concur.